IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IN THE MATTER OF:

RICHARD RODRIGUEZ & CLARIBEL
RODRIGUEZ,

          Debtors.

_____

TD BANK,

          Appellant,

   v.

RICHARD RODRIGUEZ & CLARIBEL
RODRIGUEZ,

          Appellees.

HON. JEROME B. SIMANDLE

Civil No. 11-6718 (JBS)

ON APPEAL FROM AN ORDER OF
THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF NEW
JERSEY

[Case No. 11-25359/JHW]

**MEMORANDUM OPINION**

**SIMANDLE**, Chief Judge:

This is an appeal from a Chapter 13 bankruptcy proceeding in which Appellant TD Bank brought a motion pursuant to Rule 60(b)(1), Fed. R. Civ. P., to modify a confirmation order. Although Appellant had objected to the order, Appellant failed to appear at the confirmation hearing, and so the objection was not considered. Claiming inadvertence, Appellant sought to convene a hearing for the Court to consider its objection to the order, potentially requiring modification of the confirmed plan. The Bankruptcy Court held that the confirmation order was a final judgment and that error or inadvertence was an insufficient basis to disturb it. TD Bank appeals. This Court will affirm for the following reasons:

1. The Bankruptcy Court confirmed Debtor-Appellees' Modified

Plan which re-classified as unsecured, and therefore voided, a $67,711 second mortgage on the Debtor-Appellees' residence. Ex. B (Modified Plan) at 7. See In re McDonald 205 F.3d 606, 611 (3d Cir. 2000) (holding that when a senior lien on property exceeds the value of the property, a junior lien can be voided as unsecured under 11 U.S.C. § 506). Appellant TD Bank, the holder of the second mortgage, objected to the confirmation of the Modified Plan, asserting that it was necessary to perform a valuation of the property securing the mortgage to determine whether the first mortgage really exceeded the value of the property. Ex. C (Objection to Confirmation). However, Appellant's objection was not considered because Appellant failed to attend the hearing on the matter. After the confirmation order was entered, Appellant moved for the Bankruptcy Court to hold a valuation hearing despite the confirmation order, a motion which Appellant eventually characterized as seeking relief from the confirmation order pursuant to Rule 60(b)(1) based on its inadvertence in failing to attend the hearing.

2.   Although the briefing for this appeal touches on other issues, the issue presented for appellate review is limited to "[w]hether the Bankruptcy Court erred in holding that it was prohibited, as a matter of law, from considering the merits of TD Bank's motion for relief under Federal Rule of Civil Procedure 60(b)(1)." Appellant's Br. 1. See In re Trans World Airlines,

2

Inc., 145 F.3d 124, 133 (3d Cir. 1998) (holding that an issue is abandoned when it is not set forth in the statement of issues presented); Nagle v. Alspach, 8 F.3d 141, 143 (3d Cir. 1993) (same).  The Court therefore does not reach other potential questions, such as whether a Rule 60 motion was necessary for Appellant to achieve the relief it sought because of the finality of the confirmation order, or whether Appellant's failure to appear at the hearing was a sufficient legal basis to reject Appellant's objection without considering its merit.

3.  The Bankruptcy Court held that Appellant's inadvertance was an insufficient basis for altering a confirmation order.  In support of this holding, the Bankruptcy Court relied upon In re Fesq, 153 F.3d 113, 120 (3d Cir. 1998), which holds that fraud is the only basis for revoking a confirmation order because of 11 U.S.C. § 1330(a).  That statute states that "On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud." § 1330(a) (emphasis added).

4.  Appellant contends that Fesq (and earlier cases in the Fesq line) can be distinguished because in this case Appellant filed a timely objection to confirmation, and contends that United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367

3

(2010) requires bankruptcy courts to consider the merits of requests for relief under Rule 60.  Both arguments are incorrect, as explained below.

5.  Appellant contends that, unlike the cases relied upon by the bankruptcy court, in this case a timely objection was lodged (though not pursued at the hearing out of inadvertence).  But beyond identifying the presence of this factual difference, Appellant makes no further argument for why this difference distinguishes the Fesq line of cases.  It does not distinguish Fesq because the statutory interpretation questions answered in Fesq have nothing to do with whether an objection was filed. Fesq holds that 11 U.S.C. § 1330(a) governs a motion pursuant to Rule 60(b) to vacate or modify a confirmation order, and limits the availability of Rule 60 relief to cases in which the judgment is procured by fraud.  Fesq, 153 F.3d at 120.  The reason that a party is seeking to modify or vacate the confirmation order – whether failure to file an objection or failure to pursue it at a hearing or any other non-fraud basis – is logically irrelevant to the question of whether 11 U.S.C. § 1330(a) applies to such motions and whether it limits them to fraud.

6.  It is true, as Appellant urges, that the Supreme Court in Espinosa reached the merits of the non-fraud Rule 60 motion. See Espinosa, 130 S. Ct. at 1377.  But Espinosa has no effect on the controlling rule in Fesq, a proposition of which the Court

4

can be confident because the Supreme Court expressly said as much in Espinosa.  Espinosa, 130 S. Ct. at 1376 n.9 (noting that because parties did not raise § 1330, and because that statute is not jurisdictional, the Court need not address Fesq).  The reason the Supreme Court reached the merits of the Rule 60 motion in that case is because, unlike the Court of Appeals in Fesq, the Supreme Court did not reach the question of whether § 1330 applies to Rule 60 motions.  Id.  Because § 1330 was not raised by the parties, the Supreme Court was not required to consider § 1330 for itself because the limits of that statute are not jurisdictional.  Id.  Thus, Espinosa does not limit Fesq, and Fesq compels courts in the Third Circuit to reject Rule 60 challenges to a confirmed plan not arguing fraud.

7.  In sum, the clear holding of Fesq controls this case. Fesq, 153 F.3d at 120.  Parties in Appellant's position can appeal plan confirmation on its merits, or appeal the bankruptcy court's judgment that a valuation hearing would constitute the disturbing of a final judgment.  But Appellant cannot challenge the confirmation order through Rule 60 in the absence of fraud. Therefore this Court will enter an order affirming the Bankruptcy Court.

**April 2, 2012**          **  s/ Jerome B. Simandle  **
Date                       JEROME B. SIMANDLE
                           Chief U.S. District Judge